CONGREGATION OF THE SERVANTS OF MARY *v.* MAY.

APPEAL from the District Court of Mayagüez.

No. 660.—Decided June 7, 1911.

ACTION OF EJECTMENT—ESSENTIAL ALLEGATIONS OF COMPLAINT.—In an action of ejectment the essential allegations of the complaint are a statement of dominion by the plaintiff, a description of the premises, and possession by the defendant without title. A complaint setting forth such allegations shows that the action prosecuted is one of ejectment and not to recover possession.

ACTION TO RECOVER POSSESSION—REQUISITES OF COMPLAINT.—It is unnecessary for the purposes of an action to recover possession to allege in the complaint the ownership of the thing, possession and the loss thereof being all that it is necessary to allege; for even mere tenancy is protected by the law where it has not been interrupted for a period of one year.

The facts are stated in the opinion.

*Messrs. Horton* and *Feliú* for appellant.

*Mr. Jesús M. Rossy, fiscal,* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

The allegations made in the complaint are, substantially, that, according to a public instrument, Pedro Roselló in 1897 was the owner of a rural property containing 240 *cuerdas,* which is described in the complaint; that under another instrument dated December 1, 1897, a lot or parcel of land measuring 20 by 50 meters, which is also described, was segregated and sold to Mercedes Segarra, who, by another instrument executed on August 31, 1898, donated the said parcel, as well as a brick building then in course of construction thereon, to the plaintiff congregation, which accepted said donation; that the title of the plaintiff congregation not being recordable, it instituted dominion proceedings, which were approved by the court, the dominion title thus secured having been recorded in the Registry of Property of Mayagüez on November 10, 1903; that since 1898 the plaintiff has

been, and is now, the sole and absolute owner of said lot, having enjoyed the peaceful and actual possession thereof until 1904, since which time the defendant is illegally and without title in possession of the same, and of a brick building of the value of $3,000, the materials of which he utilized without paying therefor; and that the reasonable rental of the property is $600 a year. The complaint concludes with the prayer that the defendant be adjudged to deliver and restore to plaintiff the possession of the lot, to pay the sum of $3,000 for the material which he appropriated to his own use, $3,600 for rental for six years, and costs.

Several demurrers were filed to this complaint, but the trial court sustained only one of them, upon which it based the judgment from which the plaintiff has appealed.

Said demurrer reads as follows:

"That the complaint does not state facts sufficient to constitute a cause of action.

"That from the nine allegations of the complaint no cause of action is derived, for the reason that none of them contains matter which can be the object of controversy or litigation or which can give rise to any action. The complaint is confined to a recital of the various ways in which a property may be acquired, and Paragraph VII thereof merely states that the defendant is illegally in possession of the property, without specifying in what capacity it can be held by him and in what the illegal possession consists. It is absolutely necessary to set forth this fact in order that we may get an idea at least of some principle upon which an action in this case may be brought and so that a subject matter, which might be the object of controversy or litigation, may originate. On the other hand, any proposed action to recover possession of the property has prescribed in accordance with section 1869 of the Civil Code."

The judgment from which this appeal has been taken reads as follows:

"In view of the court's decision rendered to-day, in which defendant's demurrer, that the complaint does not state facts sufficient to constitute a cause of action, is sustained on the ground that it is the opinion of the court that this is an action to recover possession

that it has prescribed; and in view also of the verbal motion made by counsel, Leopoldo Feliú, that the right to bring any other proper action be reserved to the plaintiff, the court, on the ground that the action to recover possession has prescribed, renders judgment dismissing the complaint with costs against the plaintiff, but reserving to it the right to bring whatever action may be deemed proper to establish dominion of the lands claimed, or any other action that may be proper."

The question therefore to be determined here is whether or not the facts stated in the complaint show this to be an action of ejectment or simply action to recover the lost possession of the realty in litigation, the latter being the aspect under which the trial court has treated the question and for which reason the action was declared to have prescribed.

In actions of ejectment it is indispensable, according to the jurisprudence laid down by the Supreme Court of Spain and by this court, to describe the thing claimed precisely and clearly, and to establish dominion and the identity thereof at the trial, or, in other words, it must be proved that it is the same thing as that to which the documents refer, and that it is possessed by the defendant. (See the judgments of the Supreme Court of Spain dated July 3, 1883; September 22, 1886; April 6, 1887; June 14, 1889; May 10, 1895, and our judgments of October 24, 1900; May 10 and June 22, 1902, and June 17, 1905.)

According to this doctrine, a complaint containing such requisites institutes an action of ejectment.

Having carefully read the facts alleged in the complaint in this case, we find that said complaint clearly states that the plaintiff congregation owns the lot in litigation under title of accepted donation; that the same is recorded in its name in the registry of property; the origin of the donation; that it had actual possession thereof up to 1904, when the defendants, without title therefor, entered into and took possession thereof, as well as of the building under construction

thereon. It therefore contains all the requisites of a complaint of ejectment, wherefore it should be considered as such; and if such facts are true, and no obstacle to the exercise of plaintiffs' right exists, it has a cause of action to compel defendant to acknowledege its dominion of the property and to return the lot and the building existing thereon when the defendant detained it, and in a proper case to claim the fruits or rentals thereof.

Therefore the facts stated in the complaint show by themselves that this is an action of ejectment and not an action to recover lost possession, since in order to bring the latter it would have been unnecessary to allege, as has been alleged, the ownership of the thing, it being sufficient to allege the possession and its loss or the mere tenancy, for even this is protected by the law when not more than a year has elapsed since it was lost.

Therefore, if dominion and not possession is alleged, it is plain that the object of this action is not to recover possession alone, but dominion as well, for which reason the action brought is one of ejectment and not to recover possession, in which latter case the prescription provided in subdivision 1 of section 1869 of the Revised Civil Code would have been applicable, because the facts that possession was lost for over a year would have appeared from the face of the complaint itself.

As the complaint sets forth all the allegations required in an action of ejectment, which does not appear to have prescribed the decision and judgment of the court below holding that the action brought to recover possession had prescribed, were erroneous, wherefore the judgment should be reversed and the case remanded for further proceedings in order that the defendant may file his answer within the term to be fixed by the court below.

*Reversed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice MacLeary dissented.